THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGELO TORRES, Defendant-Appellant.

First District (6th Division)   No. 1—88—0025

Opinion filed October 19, 1990.

William H. Laws, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Thomas O'Brien, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Angelo Torres, was charged by information with possession of a controlled substance with intent to deliver. A jury found him guilty of that charge, and the trial court sentenced him to a term of 10 years. On appeal, defendant contends that he was denied due process when the State charged and convicted him of possession with intent to deliver, despite the court's express finding at a preliminary hearing that probable cause existed only for the possession charge; that the State improperly cross-examined a defense witness; and that he was not proved guilty beyond a reasonable doubt.

Joseph Fallon, a gang crimes specialist of the Chicago police department, testified for the State that on April 14, 1987, he and his partner, Joseph Sparks, were working together in an unmarked squad car. Sparks was driving. Sparks halted the vehicle, and Fallon called out to a Hector Gonzales, who was standing in a doorway. Gonzales and defendant started walking toward the police car. As Fallon was about to exit the vehicle and while the two men were 15 feet away, Fallon observed defendant complete a behind-the-back throwing motion with his right hand. Something orange in color landed between the curb and a parked automobile. Although Fallon did not see the object leave defendant's hand, the officers recovered what Fallon thought he saw defendant throw. It was lying in the gutter. It was an orange pepper shaker which was full of clear plastic envelopes of white powder. Fallon believed that the envelopes contained narcotics because this was the way narcotics are usually packed. Fallon and Sparks placed defendant under arrest. At a preliminary hearing, Fallon testified that he had already exited the vehicle when he observed defendant's gesture. Fallon also testified at the preliminary hearing that he actually saw the container leave defendant's hand.

Officer Sparks testified that he was driving the police car when they stopped to talk to Gonzales. As the officers exited the car, Fallon stated that "he just threw something." Sparks saw Fallon recover a container and assisted in arresting defendant. Sparks did not see defendant throw anything because Sparks was exiting on the driver's side and was watching traffic.

The State offered the stipulated testimony of Dr. Krishnan Kaishta. If called to testify, Dr. Kaishta would state that he tested the powder contained in a plastic orange pepper shaker. The tests re-

vealed that the white powder was cocaine in the quantity of 4.27 grams.

Defendant presented two witnesses, Orlando Molena and Tony Torres. They stated that defendant did not possess a controlled substance and that he did not throw a container. They also stated that the police officer searched the area for 10 minutes before finding the cocaine container.

During trial, defendant requested that the State amend its information to charge him only with possession of a controlled substance instead of possession with intent to deliver. After trial, defendant presented a motion in arrest of judgment based on the argument that the State improperly charged him with intent to deliver after the court at a preliminary hearing made an express finding that no probable cause existed for such a charge. The trial court denied both motions.

Defendant initially contends that he was denied due process where the State charged and convicted him for possession of cocaine with intent to deliver instead of just charging him with possession. Defendant asserts that after a preliminary hearing at which the judge makes a finding of no probable cause for possession with intent to deliver, the State must either seek a grand jury indictment for the crime, or refile the complaint and conduct another preliminary hearing. Neither of these options occurred in the present case.

Following a preliminary hearing on this matter on May 13, 1987, before Judge Morrissey, the following colloquy ensued:

"JUDGE MORRISSEY: Finding of probable cause. Case transferred to the Presiding Judge of the Criminal Division for arraignment June 3rd. Bond will stand. By the way, the finding will be as to the possession of controlled substance only ***.

DEFENSE COUNSEL: Just to clarify, it's not the included offense?

JUDGE MORRISSEY: I'm finding probable cause and sending the defendant for arraignment June 3rd on the charge of possession of controlled substance, not possession with intent to deliver. Finding, probable cause on the included offense only."

■■ Where a judge at a preliminary hearing makes an express finding that no probable cause exists for a charge arising from the conduct of the accused, to proceed further the State must either seek a grand jury indictment for the crime, or refile the complaint and hold another preliminary hearing. *People v. Hovanec* (1979), 76 Ill. App. 3d 401, 394 N.E.2d 1340.

■■ The State concedes that *People v. Hovanec* is a correct state-

ment of the law and agrees that the procedures set forth in *Hovanec* were not followed in the present case. It maintains, however, that Judge Morrissey did not make an express finding of no probable cause for possession with intent to deliver. We do not agree. Judge Morrissey's finding of no probable cause was clear, express, explicit and unequivocal. He stated that probable cause was established "on the charge of possession of controlled substance, *not* possession with intent to deliver. Finding, probable cause on the included offense only." (Emphasis added.) We hold that Judge Morrissey made an express finding of no probable cause for possession with intent to deliver. Since the State ignored that finding, and did not indict or file a new complaint, defendant's conviction for possession with the intent to deliver must be vacated.

The State urges, however, that if we find it ignored the express finding of no probable cause for possession with intent to deliver, remand for a new trial is unnecessary. The State points out that at trial it provided sufficient evidence on the lesser offense which would be the only charge upon which defendant could be tried on remand. Under such circumstances, the State asks that we vacate defendant's conviction for possession with intent to deliver and impose instead a judgment of conviction on the possession charge. At oral argument, defense counsel stated that if we found there was evidence to establish defendant's guilt beyond a reasonable doubt, defendant would have no objection to our entering judgment on the possession of a controlled substance charge.

We turn therefore to defendant's contention that he was not proved guilty of possession of cocaine beyond a reasonable doubt.

■■ ■ Determinations of credibility and weight to be given to the testimony of witnesses are exclusively within the province of the trier of fact. (*People v. Kubat* (1983), 94 Ill. 2d 437, 447 N.E.2d 247.) In the present case, Officer Fallon testified that as defendant and a companion approached the police vehicle, Fallon saw defendant make a motion behind his back and something orange went between the curb and a parked car. The police officers recovered a plastic pepper shaker which contained clear plastic envelopes containing a white powder. Dr. Kaishta tested the powder and found it to be cocaine. This testimony was sufficient to find defendant guilty beyond a reasonable doubt. The jury was fully cognizant of the discrepancies in Fallon's testimony, but nevertheless chose to believe Fallon over the defense witnesses. After reviewing the record, we are not prepared to say the jury's conclusion was unreasonable.

■■ In view of defendant's agreement to the entry of judgment on

the lesser offense, it is unnecessary to consider his argument that the prosecutor improperly cross-examined one of the defense witnesses about prior arrests.

Accordingly, the judgment finding defendant guilty of possession of a controlled substance with intent to deliver and the sentence of 10 years are vacated. Judgment is entered for possession of a controlled substance, and the maximum sentence of three years is imposed. Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(7).

Judgment for possession of a controlled substance with intent to deliver is vacated; judgment imposed for possession of a controlled substance.

LaPORTA, P.J., and EGAN, J., concur.